1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MALYNA TIEV and JAMES NORRIS, | CASE NO. 2:23-cv-950 |
| Plaintiffs, | ORDER ON MOTIONS IN LIMINE |
| v. | |
| THE STANDARD FIRE INSURANCE COMPANY, | |
| Defendant. | |

This matter comes before the Court on the parties' motions in limine. Dkt. Nos. 29, 31. Having considered the relevant record and the parties' briefing, the Court GRANTS in part and DENIES in part the motions in limine.

## 1.  DISCUSSION

### 1.1  Legal standard.

The Federal Rules govern the admissibility of evidence. The Court will follow those rules in deciding these motions and in conducting the trial. "A motion in limine is a procedural mechanism to limit in advance [of trial] testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009).

**ORDER** ON MOTIONS IN LIMINE - 1

The Court cannot always rule on evidentiary issues before trial since many rulings will be based on the events at trial.

The denial of a motion in limine does not mean that the subject evidence is admissible. It simply means that the Court cannot rule on the issue in advance. For example, the Court will deny a motion in limine if it fails to identify the subject evidence with sufficient specificity to allow a decision on admissibility.

If the Court grants a motion in limine, it may still revisit its earlier rulings based on the events at trial.

### 1.2    Uncontested motions in limine.

The parties have submitted eight agreed or uncontested motions in limine, Dkt. Nos. 29, 31:

**Plaintiffs' Motion in Limine No. 3:** "That evidence of prior irrelevant, resolved or unrelated injuries or medical conditions be excluded – same authority as No. 2, above." Dkt. No. 29 at 13.

**Plaintiffs' Motion in Limine No. 5:** "That no mention be made of the Plaintiff's remote 2008 pregnancy termination." *Id.* at 20.

**Plaintiffs' Motion in Limine No. 6:** "That defendant not be allowed to call any witness, expert or lay, not previously identified in a timely manner, i.e., via Disclosures, Supplemental Disclosure or via responses to discovery, etc." *Id.*

**Defendant's Motion in Limine 5:** "All expert declarations and reports should be excluded as hearsay." Dkt. No. 31 at 9.

1

2

**Defendant's Motion in Limine 6:** 6. "All repair estimates should be excluded." *Id.* at 10.

3

4

**Defendant's Motion in Limine 8:** "Any expert testimony not previously provided." *Id.* at 11

5

6

**Defendant's Motion in Limine 9:** "Current events, other jury verdicts, or economic climate." *Id.*

7

**Defendant's Motion in Limine 10:** "Arguing to the jury in voir dire." *Id.*

8

9

10

The Court GRANTS the parties' uncontested Motions in Limine, except for Defendant's MIL 10, which the Court DENIES as moot because this case will be heard as a bench trial, *see* Dkt. No. 33.

11

**1.3    Plaintiffs' contested motions in limine.**

12

The Court turns to the Plaintiffs' contested motions in limine:

13

14

15

**Plaintiffs' Motion in Limine 1:** "That Plaintiff Malyna Tiev was not, or 'could not have been,' injured in the February 10, 2018 collision where all medical experts agree that she was, in fact, injured." Dkt. No. 29 at 8.

16

The subject evidence is insufficiently specific. DENIED, without prejudice.

17

18

19

20

21

22

**Plaintiffs' Motion in Limine 2:**  "That defendant and/or its attorneys not be allowed to argue, without admissible, non-speculative medical evidence of the same (which does not exist), that Malyna Tiev: (a) was suffering from any unresolved symptomatic neck, mid-back or low back injuries or symptoms at the time of the crash; or, (b) speculatively 'may have been' suffering from such symptoms just prior to or at the time of the February 10, 2018 crash." *Id.* at 10.

23

The subject evidence is insufficiently specific. DENIED, without prejudice.

**Plaintiffs' Motion in Limine 4:** "That all evidence of the occurrence of the de novo-appealed Civil Arbitration proceeding or of the amount or rendering of the Civil Arbitration Award be excluded based upon long-established Washington law that upon a party in arbitration requesting a trial de novo, no evidence, discussion or mention of the prior arbitration Award or proceedings in [sic] permissible." *Id.* at 17.

Tiev and Norris argue that "[r]eference to the occurrence or, alternatively, the amount of the de novo appealed, never-final Civil Arbitration Award rendered in the third-party case must be excluded." *Id.* In support of this argument, Tiev and Norris cite Washington Superior Court Civil Arbitration Rule (SCCAR) 7.2. *Id.* This rule applies when a party to a mandatory arbitration appeals an arbitration award. It provides that in a trial de novo after the appeal, the arbitration award shall be sealed, no reference shall be made to it, and the trial shall be conducted as if arbitration never occurred. *See Santiago v. GEICO Advantage Ins. Co.*, 2023 WL 5802523, at *4 (W.D. Wash. Sept. 7, 2023) ("[SCCAR] 7.2 is designed to keep the arbitration award from impacting or influencing the trial de novo.")

Tiev and Norris suggest that the instant proceedings are analogous to a trial de novo on the underlying claim because a UIM insurer "steps into the shoes" of the tortfeasor. *See Ellwein v. Hartford Accident & Indem. Co.*, 142 Wn.2d 766, 780 (2001); *overruled on other grounds, Smith v. Safeco Ins. Co.*, 150 Wn.2d 766 (2003). In a narrow sense, this is true. Both proceedings raise the issue of damages from the underlying crash. However, the instant proceeding, unlike a state court trial de

novo with the at-fault driver, also involves a bad-faith UIM claim. Tiev and Norris

offer no argument why the state court arbitration rule should bar a federal court

from admitting evidence of the arbitration award as relevant to a UIM bad-faith

claim—especially when, as both parties agree, Standard Fire's consideration of that

award goes to the reasonableness of its claim handling.

Therefore, this motion in limine is DENIED without prejudice.

**Plaintiffs' Motion in Limine 7:** "That defendant and its attorneys be held

to all admitted or previously established or proven facts throughout the trial,

including that liability for the February 10, 2018 collision rests 100% with the

responsible driver, Racheal Wehr, and that Malyna Tiev was 0% at fault for the

collision when rear-ended by Ms. Wehr while stopped." Dkt. No. 29 at 21.

The subject evidence is insufficiently specific. DENIED, without prejudice.

**Plaintiffs' Motion in Limine 8:** "That no appeals to prejudice based on

alleged financial motive of the Plaintiffs be made." *Id.*

The subject evidence is insufficiently specific. DENIED, without prejudice.

**Plaintiffs' Motion in Limine 9:** "That no arguments, statements, or

insinuations be made that there were 'other causes' of the Plaintiff's injuries other

than the February 10, 2018 automobile collision absent any admissible, non-

speculative medical evidence of the same, which Plaintiffs believe does not exist."

*Id.* at 22.

The subject evidence is insufficiently specific. DENIED, without prejudice.

**1.4    Defendant's contested motions in limine.**

The Court next turns to Defendant's motions in limine:

**Defendant's Motion in Limine 1:** "Any testimony from Rob Dietz should be excluded." Dkt. No. 31 at 3.

All motions challenging expert witness testimony were due by June 24, 2024. Dkt. No. 20. Therefore, DENIED, without prejudice.

**Defendant's Motion in Limine 2:** "Cumulative evidence should be excluded." *Id.* at 6.

The subject evidence is insufficiently specific. DENIED, without prejudice.

**Defendant's Motion in Limine 3:** "Claims correspondence from counsel for Plaintiffs should be redacted to remove counsel's legal conclusions, citations to legal authority, any allegations of bad faith, or other statements of opinion or accusation." *Id.* at 6.

DENIED, without prejudice.

**Defendant's Motion in Limine 4:** "UIM PowerPoint should not be entered into evidence or presented to the jury." *Id.* at 7.

DENIED, without prejudice.

**Defendants' Motion in Limine 7:** "Offers of settlement are inadmissible but reference to the fact that mediation occurred is admissible." *Id.* at 10.

Standard Fire seeks an Order in Limine "prohibiting the parties from providing any testimony, evidence, or argument as to the communications that occurred at mediation, including any demands by Plaintiffs or offers by Standard Fire." *Id.* Standard Fire states, however, that this Order "should not prohibit

testimony, evidence, and argument as to the fact that mediation happened and that Standard Fire paid for all mediation costs," which evidence it asserts is "directly relevant to Standard Fire's good faith efforts to resolve Plaintiffs' claim and avoid suit." *Id.* at 10-11.

Standard Fire cites two sources of law compelling this Order: Rule 408, and mediation privilege. The Court addresses each in turn.

Under Rule 408, evidence of conduct and statements in compromise negotiations, as well as compromise offers and promises, are inadmissible to prove the validity or amount of a claim or to impeach by prior inconsistent statement or contradiction—but are admissible for other purposes. Fed. R. Evid. 408.

Here, Tiev and Norris will presumably offer evidence of Standard Fire's "zero offer" not to establish the validity or amount of the underlying UIM claim, but to prove bad faith. "The Ninth Circuit has not addressed whether compromise evidence is admissible to prove bad faith in negotiations." *Hibbs v. State Farm Fire and Cas. Co.*, 2022 WL 17751701, at *3 (D. Or. Dec. 19, 2022). But the Second and Eighth Circuits have addressed this question, holding that compromise evidence is admissible to prove bad faith. *See Athey v. Farmers Ins. Exch.*, 234 F.3d 357 (8th Cir. 2000); *Clerveaux v. E. Ramapo Central Sch. Dist.*, 984 F.3d 213, 243 (2d Cir. 2021). And district courts in the Ninth Circuit have largely favored this approach. *See, e.g., Hibbs*, 2022 WL 17751701 (citing cases); *Am. Gen. Life Ins. Co. v. James*, 2015 WL 730010, at *6, *16 (N.D. Cal. Feb. 19, 2015), *Milhouse v. Travelers Commer. Ins. Co.*, 982 F. Supp. 2d 1088, 1105 n.10 (C.D. Cal. 2013) ("Rule 408, which allows evidence of settlement negotiations to be admitted where offered not

to prove liability, but to refute a claim of undue delay or bad faith."); *Cadet Manufacturing v. Am. Ins. Co.*, 2006 WL 8455266 (W.D. Wash. June 28, 2006) ("[C]ourts have found that evidence of prior settlement negotiations may be admitted to show that an insurance company acted in bad faith."); *cf. Harner v. USAA Gen. Indem. Co.*, 590 F. Supp. 3d 1217, 1228-29 (S.D. Cal. 2022) (without commentary, taking minority approach and applying Rule 408 to grant motion in limine excluding evidence of "UIM mediation for the purpose of demonstrating [defendant] delayed in paying policy benefits or otherwise acted unreasonably in its investigation of Plaintiff's claim.").

This Court favors the majority approach and concludes that compromise evidence, while generally inadmissible to prove the amount or validity of a claim, is admissible to prove bad faith. The Court therefore DENIES IN PART, without prejudice, this motion in limine, finding that compromise evidence is admissible to prove bad faith.

The Court now addresses mediation privilege. Because Tiev and Norris's claims arise under Washington law, state law governs privilege. Fed. R. Evid. 501. Washington's mediation privilege is codified at RCW 7.07.030, which provides that, unless waived or precluded by a statutory exception, mediation communications are privileged and "[a] mediation party may refuse to disclose, and may prevent any other person from disclosing, a mediation communication." "The mediation privilege is to be 'broadly construed.'" *See City of Seattle v. Monsanto Co.*, 2022 WL 4969038, at *3 (W.D. Wash. Oct. 4, 2022) (quoting *King County v. Travelers Indem. Co.*, 2018 WL 1994119, at *2 (W.D. Wash. Apr. 27, 2018)).

**ORDER** ON MOTIONS IN LIMINE - 8

1

2

3

4

5

This Court is bound to follow RCW 7.07.030. None of the cases that Tiev and Norris cite in their opposition to this Order in Limine even mention mediation or mediation privilege. *See* Dkt. No. 42 at 14-17 (citing cases). The Court therefore GRANTS IN PART this motion, prohibiting any evidence about "communications that occurred at mediation."

6

7

8

9

10

11

However, given that Standard Fire does not ask the Court to bar evidence of communications *preceding* mediation—such as evidence of the parties' dispute over who would pay for mediation—this Order does not reach those communications, even though RCW 7.07.10(2) defines "mediation communication" to include statements "made for purposes of considering, conducting, participating in, initiating, continuing, or reconvening a mediation."

12

13

14

In sum, evidence of communications occurring *at* mediation is barred. This Order does not bar evidence of communications preceding mediation. Nor does it bar evidence of compromise offers, or lack thereof, before and after mediation.

15

16

It is so ORDERED.

17

Dated this 15th day of October, 2024.

18

19

_____
Jamal N. Whitehead
United States District Judge

20

21

22

23

**ORDER** ON MOTIONS IN LIMINE - 9