Hon. Jamal N. Whitehead

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MALYNA TIEV and JAMES NORRIS, individually and as wife and husband, and the marital community composed thereof,<br><br>          Plaintiffs,<br><br>v.<br><br>THE STANDARD FIRE INSURANCE COMPANY,<br><br>          Defendant. | NO. 2:23-cv-00950 JNW<br><br>ORDER RE: DEPOSITION DESIGNATIONS FOR TANYA BLACHOWICZ |

This Court, having reviewed the designated deposition testimony of Tanya Blachowicz, as well as the objections and counter-designations thereto, rules as follows:

| WITNESS:  TANYA BLACHOWICZ, LPN | | | |
|---|---|---|---|
| **PAGE/LINE** | **OBJECTION** | **RESPONSE** | **RULING** |
| 6:3-11 | | No objection; no response required.  Understanding she is under oath. | |
| 10:16-20 | Relevance | Goes to the fact that she is an out-of-state, non-Washington resident – goes to her qualifications to evaluate WA claims. | OVERRULED |
| 11:7 – 12:6 | Relevance | Goes to the fact that she is an out-of-state, non-Washington resident who has never been licensed as a | OVERRULED |

**WITNESS:  TANYA BLACHOWICZ, LPN**

| PAGE/LINE | OBJECTION | RESPONSE | RULING |
|---|---|---|---|
| | | nurse/LPN in Washington state – goes to her qualifications to evaluate WA claims. | |
| 12:9-19 | | No objection; no response required (employment positions with Travelers/The Standard) | |
| 14:2-10 | | No objection; no response required (date of assignment to claim) | |
| 15:4-20 | Speculation Foundation | Relates to number of in-house nurses employed by The Standard/Travelers; relevant to claims practices at issue in case | OVERRULED |
| 15:24 – 16:10 | | Relates to the nature of claims reviewed by this in-house LPN and her experience with insurance law, and the way in which claims are evaluated in the auto arena at The Standard/Travelers.  Simple background. | |
| 16:15-25 | | No objection; no response required, but relates to the nature of claims reviewed by this in-house LPN and her experience with insurance law, and the way in which claims are evaluated in the auto arena at The Standard/Travelers.  Simple background. | |
| 17:1-22 | | Same as immediately above. | |
| 18:1-8 | | Same as immediately above. | |
| 20:10-12 | | Same as immediately above. | |
| 23:19 – 24:4 | | Same as immediately above. | |
| 26:1-7 | Form | Same as immediately above. | OVERRULED |
| 29:25 – 30:7 | Speculation | Same as immediately above. | OVERRULED |
| 32:2 – 4 | | Same as immediately above. | |

**WITNESS:  TANYA BLACHOWICZ, LPN**

| PAGE/LINE | OBJECTION | RESPONSE | RULING |
|---|---|---|---|
| 33:25 – 35:15 | Form | Goes directly to her qualifications as an LPN vs. a medical doctor/physician, relevant to the issues in this case.  Is a party-deponent so leading questions are allowable also. | OVERRULED |
| 36:9-20 | Vague and Ambiguous<br>Asked and Answered<br>Cumulative | The question relates to what an LPN can and cannot do in terms of practice and qualifications to opine on the Plaintiff's claim.  Goes directly to her qualifications as an LPN vs. a medical doctor/physician and is directly relevant to the issues in this case as this claim was reviewed by a non-qualified individual of a different kind than treated the plaintiff, in violation of Washington insurance law.  Is also a party-deponent so leading questions are allowable also and statements qualify as admissions. | OVERRULED |
| 37:11-24 | Vague and Ambiguous<br>Asked and Answered<br>Cumulative | The question relates to what an LPN can and cannot do in terms of practice and qualifications to opine on the Plaintiff's claim.  Goes directly to her qualifications as an LPN vs. a medical doctor/physician and is directly relevant to the issues in this case as this claim was reviewed by a non-qualified individual of a different kind than treated the plaintiff, in violation of Washington insurance law.  Is also a party-deponent so leading questions are allowable also | OVERRULED |

QUICK | LAW GROUP, PLLC
1621 114th Avenue SE, Suite 228
Bellevue, WA  98004
(425) 576-8150 • FAX (206) 694-2587

**WITNESS:  TANYA BLACHOWICZ, LPN**

| PAGE/LINE | OBJECTION | RESPONSE | RULING |
|---|---|---|---|
| | | and statements qualify as admissions. | |
| 38:14-25 | Legal Conclusion, Speculation | Relates to the witnesses' knowledge of Washington insurance law and the requirements of the same when reviewing claims for her insurer-employer.  Goes directly to her qualifications to properly evaluate claims consistent with WA law.  Also relates to the training she has received/no received which is relevant to The Standard's claims practices. | OVERRULED |
| 39:1-17 | Legal Conclusion, Speculation | Continuation of the passages immediately above:  relates to the witnesses' knowledge of Washington insurance law and the requirements of the same when reviewing claims for her insurer-employer. Goes directly to her qualifications to properly evaluate claims consistent with WA law.  Also relates to the training she has received/no received which is relevant to The Standard's claims practices. | OVERRULED |
| 40:2-22 | Legal Conclusion Foundation Speculation Vague and Ambiguous | All questioning goes to employee's understanding of claims adjusting standards and duty to fairly evaluate UIM claims of insureds of The Standard.  Also testimony of party-deponent, so testimony constitutes admissions given the reliance on her opinions as part of the claims evaluation process. | OVERRULED |
| 41:7-9 | | No objection; no response required. | |

**QUICK | LAW GROUP, PLLC**
1621 114th Avenue SE, Suite 228
Bellevue, WA  98004
(425) 576-8150 • FAX (206) 694-2587

**WITNESS:  TANYA BLACHOWICZ, LPN**

| PAGE/LINE | OBJECTION | RESPONSE | RULING |
|---|---|---|---|
| 42:23 – 43:4 | Asked and Answered | All testimony goes to the witnesses' evaluation of the subject claim and claims evaluation process; directly relevant to the issues of bad faith raised in this case. Testimony of party-deponent also = admissions. | OVERRULED |
| 43:10-22 | Relevance<br>Vague and Ambiguous<br>Speculation | All testimony goes to the witnesses' qualifications to reach the conclusions she reached and to her evaluation of the subject claim and claims evaluation process; directly relevant to the issues of bad faith raised in this case.  Testimony of party-deponent also = admissions. | OVERRULED |
| 44:10-18 | Speculation | The witness clearly had the knowledge to respond to the questions posed, and did so. No indication she was speculating. Furthermore, all testimony goes to the witnesses' qualifications to reach the conclusions she reached and to the fairness/unfairness of her evaluation of the subject claim and claims evaluation process; directly relevant to the issues of bad faith raised in this case.  Testimony of party-deponent also = admissions. | OVERRULED |
| 44:19 – 45:5 | Speculation<br>Vague and Ambiguous<br>Relevance | Same as immediately above. | OVERRULED |
| 46:3-13 | Speculation<br>Foundation | The witness clearly had the knowledge to respond to the questions posed, and did so. No indication she was | OVERRULED |

QUICK | LAW GROUP, PLLC
1621 114th Avenue SE, Suite 228
Bellevue, WA  98004
(425) 576-8150 • FAX (206) 694-2587

**WITNESS:  TANYA BLACHOWICZ, LPN**

| PAGE/LINE | OBJECTION | RESPONSE | RULING |
|---|---|---|---|
| | | speculating. Furthermore, all testimony goes to the witnesses' qualifications to reach the conclusions she reached and to the fairness/unfairness of her evaluation of the subject claim and claims evaluation process; directly relevant to the issues of bad faith raised in this case.  Testimony of party-deponent also = admissions. | |
| 47:9-12 | Asked and Answered Cumulative | Goes to the witnesses' training from The Standard on WA law, and thus her qualifications to appropriately evaluate the claim she was tasked with evaluating for the adjustor. | OVERRULED |
| 48:20 – 49:6 | Speculation | Testimony goes to the workload of the witness and thus the thoroughness of her evaluation of the Plaintiff's claim.  Not speculation at all; discusses the witnesses' daily work load and number of claims typically evaluated. | OVERRULED |
| 49:12-23 | Speculation Foundation Asked and Answered Cumulative | Questioning goes to the witnesses qualifications to comment upon pre-existing conditions as part of her evaluation, which she did. Relevant to her lack of qualifications and knowledge regarding the same; relevant to her credibility, as well. Plus, testimony of a party-deponent = admissions. | SUSTAINED |
| 49:24 – 50:8 | Speculation Foundation Legal Conclusion | Questioning goes to the witnesses qualifications to comment upon pre-existing conditions as part of her | SUSTAINED |

**QUICK | LAW GROUP, PLLC**
1621 114th Avenue SE, Suite 228
Bellevue, WA  98004
(425) 576-8150 • FAX (206) 694-2587

**WITNESS: TANYA BLACHOWICZ, LPN**

| PAGE/LINE | OBJECTION | RESPONSE | RULING |
|---|---|---|---|
| | Vague and Ambiguous Relevance | evaluation, which she did. Relevant to her lack of qualifications and knowledge regarding the same; relevant to her credibility, as well. Plus, testimony of a party-deponent = admissions. | |
| 50:12-20 | Speculation Foundation Legal Conclusion Vague and Ambiguous Relevance | Questioning goes to the witnesses qualifications to comment upon pre-existing conditions as part of her evaluation, which she did. Relevant to her lack of qualifications and knowledge regarding the same; relevant to her credibility, as well. Plus, testimony of a party-deponent = admissions. | SUSTAINED |
| 50:24 – 51:16 | Speculation Foundation Vague and Ambiguous Relevance Hypothetical | Questioning goes to the witnesses qualifications to comment upon pre-existing conditions as part of her evaluation, which she did, and her complete lack of knowledge regarding Washington law relating to such. Relevant to her lack of qualifications and knowledge regarding the same; relevant to her credibility, as well. Plus, testimony of a party-deponent = admissions. | OVERRULED |
| 51:17 – 52:2 | Vague and Ambiguous Hypothetical Relevance Speculation | Questioning goes to the witnesses' qualifications to comment upon pre-existing conditions and other medical issues as an LPN as part of her evaluation, which she did, and her complete lack of knowledge regarding Washington law relating to such. Relevant to her lack of qualifications and knowledge | OVERRULED |

QUICK | LAW GROUP, PLLC
1621 114th Avenue SE, Suite 228
Bellevue, WA  98004
(425) 576-8150 • FAX (206) 694-2587

**WITNESS:  TANYA BLACHOWICZ, LPN**

| PAGE/LINE | OBJECTION | RESPONSE | RULING |
|---|---|---|---|
| | | regarding the same; relevant to her credibility, as well. Plus, testimony of a party-deponent = admissions. | |
| 53:18 – 24 | | No objection; no response required.  Testimony goes to the limitations of her licensure and ability to diagnose. | |
| 55:15 – 56:3 | Relevance<br>Asked and Answered | Testimony goes to the witnesses' pay structure and that she is paid by Defendant for her claims evaluation work.  Goes to bias; admissions of party-deponent also. | OVERRULED |
| 57:25 – 58:8 | Speculation<br>More Prejudicial than Probative | Testimony relates to the ODG program she used to evaluate the Plaintiff's claim and her lack of knowledge regarding the validity of the same, etc.  Relevant to The Standard's use of a standardized program to evaluate the medical aspects of a claim when both this witness and the adjustor admit their insured is entitled to an individualized evaluation of *their* claim. | OVERRULED |
| 60:3-7 | Speculation | Questioning goes to the witnesses' qualifications to comment upon pre-existing conditions and other medical issues as an LPN as part of her evaluation, which she did, and her complete lack of knowledge regarding Washington law relating to such.  Relevant to her lack of qualifications and knowledge regarding the same; relevant to her credibility, as well. | OVERRULED |

**WITNESS:  TANYA BLACHOWICZ, LPN**

| PAGE/LINE | OBJECTION | RESPONSE | RULING |
|---|---|---|---|
| | | Plus, testimony of a party-deponent = admissions. | |
| 60:18 – 61:7 | Speculation Foundation Relevance | The testimony relates to the ODG program she used to evaluate the Plaintiff's claim and her lack of knowledge regarding the validity/creation of the same, etc.   Relevant to The Standard's use of a standardized program to evaluate the medical aspects of a claim when both this witness and the adjustor admit their insured is entitled to an individualized evaluation of *their* claim. Also relevant to her lack of qualifications and knowledge regarding the same; relevant to her credibility, as well. Plus, testimony of a party-deponent = admissions. | OVERRULED |
| 61:12-15 | Speculation Foundation | The testimony relates to the "one size fits all" ODG program she used to evaluate the Plaintiff's claim and her lack of knowledge regarding the validity/creation of the same, etc.   Also is an admission that not all people react the same to trauma or injury in the same way. Relevant to The Standard's use of a standardized program to evaluate the medical aspects of a claim when both this witness and the adjustor admit their insured is entitled to an individualized evaluation of *their* claim. Also relevant to her lack of qualifications and | OVERRULED |

ORDER RE: DEPOSITION DESIGNATIONS FOR
TANYA BLACHOWICZ - 9
(2:23-cv-00950-JNW)

QUICK | LAW GROUP, PLLC
1621 114th Avenue SE, Suite 228
Bellevue, WA  98004
(425) 576-8150 • FAX (206) 694-2587

**WITNESS:  TANYA BLACHOWICZ, LPN**

| PAGE/LINE | OBJECTION | RESPONSE | RULING |
|---|---|---|---|
| | | knowledge regarding the same; relevant to her credibility, as well. Plus, testimony of a party-deponent = admissions. | |
| 62:3-6 | Speculation | The testimony relates to the "one size fits all" ODG program she used to evaluate the Plaintiff's claim and her lack of knowledge regarding the validity/creation of the same, etc.  Also is an admission that not all people react the same to trauma or injury in the same way. Relevant to The Standard's use of a standardized program to evaluate the medical aspects of a claim when both this witness and the adjustor admit their insured is entitled to an individualized evaluation of *their* claim. Also relevant to her lack of qualifications and knowledge regarding the same; relevant to her credibility, as well.  Plus, testimony of a party-deponent = admissions. | OVERRULED |
| 62:25 – 63:11 | Foundation Speculation Misstates Prior Testimony | The testimony relates to the "one size fits all" ODG program she used to evaluate the Plaintiff's claim and her lack of knowledge regarding the validity/creation/input/output of the same, etc.  Also is an admission that not all people react the same to trauma or injury in the same way. Relevant to The Standard's use of a standardized | OVERRULED |

**QUICK | LAW GROUP, PLLC**
1621 114th Avenue SE, Suite 228
Bellevue, WA  98004
(425) 576-8150 • FAX (206) 694-2587

| | WITNESS:  TANYA BLACHOWICZ, LPN | | | |
|---|---|---|---|---|
| | **PAGE/LINE** | **OBJECTION** | **RESPONSE** | **RULING** |
| | | | program to evaluate the medical aspects of a claim when both this witness and the adjustor admit their insured is entitled to an individualized evaluation of *their* claim. Also relevant to her lack of qualifications and knowledge regarding the same; relevant to her credibility, as well.  Plus, testimony of a party-deponent = admissions. | |
| | 64:4-12 | Speculation | The testimony relates to the exclusive use of the "one size fits all" ODG program she used to evaluate the Plaintiff's claim and her lack of knowledge regarding the validity/creation/input/output of the same, etc.  She also admits she has never departed from the program when evaluating a claim, despite admitting The Standard owed the Plaintiff an individualized claim evaluation.   Use of this program is also central to Plaintiff's bad faith expert's opinions, as well. Also is an admission that not all people react the same to trauma or injury in the same way. Relevant to The Standard's use of a standardized program to evaluate the medical aspects of a claim when both this witness and the adjustor admit their insured is entitled to an individualized evaluation of *their* claim. Also relevant to | OVERRULED |

**WITNESS:  TANYA BLACHOWICZ, LPN**

| PAGE/LINE | OBJECTION | RESPONSE | RULING |
|---|---|---|---|
| | | her lack of qualifications and knowledge regarding the same; relevant to her credibility, as well.  Plus, testimony of a party-deponent = admissions. | |
| 65:22 – 66:2 | Speculation Foundation Hypothetical | Questioning goes to the witnesses' qualifications to comment upon pre-existing conditions and other medical issues, including treatment needs (past and future) as an LPN as part of her evaluation, which she did, and her complete lack of knowledge regarding Washington law relating to such.  Also goes to her credibility as she went outside the allowable parameters of practice for an LPN in evaluating the Plaintiff's claim, and the adjustor in turn relied on these improper opinions in reaching his evaluation of the claim.  Relevant to her lack of qualifications and knowledge regarding the same; relevant to her credibility, as well.  Plus, testimony of a party-deponent = admissions. | OVERRULED |
| 69:3-19 | Form Speculation | Questioning goes to the witnesses' qualifications to comment upon pre-existing conditions, duration of injuries, permanency of the Plaintiff's injuries, causation and other medical issues, including treatment needs (past and future) as an LPN as part of her evaluation, which she did, and her | OVERRULED |

**QUICK | LAW GROUP, PLLC**
1621 114th Avenue SE, Suite 228
Bellevue, WA  98004
(425) 576-8150 • FAX (206) 694-2587

**WITNESS:  TANYA BLACHOWICZ, LPN**

| PAGE/LINE | OBJECTION | RESPONSE | RULING |
|---|---|---|---|
| | | complete lack of knowledge regarding Washington law relating to such.  Also goes to her credibility as she went outside the allowable parameters of practice for an LPN in evaluating the Plaintiff's claim, and the adjustor in turn relied on these improper opinions in reaching his evaluation of the claim.  Relevant to her lack of qualifications and knowledge regarding the same; relevant to her credibility, as well.  Plus, testimony of a party-deponent = admissions. | |
| 73:11-18 | Foundation | This testimony – re The Standard's prior payments of Plaintiff's medical bills as reasonable and necessary under PIP, and her failure to review information relating to the same is directly relevant to the medical-based opinions she expressed in her evaluation of the Plaintiff's claim, and then the adjustor's reliance on her evaluation and opinions which went far outside of her qualifications and scope of allowable practice, and was also contrary to WA law.  Also goes to the lack of thoroughness of her evaluation of the Plaintiff's claim. | OVERRULED |
| 74:9-19 | Speculation Asked and Answered | This testimony goes to the witnesses' failure to review relevant medical information relating to the Plaintiff's claim, and is directly relevant | OVERRULED |

**QUICK | LAW GROUP, PLLC**
1621 114th Avenue SE, Suite 228
Bellevue, WA  98004
(425) 576-8150 • FAX (206) 694-2587

**WITNESS:  TANYA BLACHOWICZ, LPN**

| PAGE/LINE | OBJECTION | RESPONSE | RULING |
|---|---|---|---|
| | | to the medical-based opinions she expressed in her evaluation of the Plaintiff's claim, and then the adjustor's reliance on her evaluation and opinions which went far outside of her qualifications and scope of allowable practice, and were also contrary to WA law.  Also goes to the lack of thoroughness of her evaluation of the Plaintiff's claim.  Relevant on her credibility, as well.  Plus, testimony of party-deponent = admissions. | |
| 77:5-14 | Speculation | This testimony goes to the witnesses' failure to review relevant medical information relating to the Plaintiff's claim – including the opinions of the Plaintiff's treating and expert physician as part of her evaluation, and is directly relevant to the validity of the medical-based opinions she expressed in her evaluation of the Plaintiff's claim, and also relevant to the adjustor's reliance on her evaluation and opinions, which went far outside of her qualifications and scope of allowable practice, and were also contrary to WA law.  Also goes to the lack of thoroughness of her evaluation of the Plaintiff's claim.  Relevant on her credibility, as well.  Plus, testimony of party-deponent = admissions. | OVERRULED |

QUICK | LAW GROUP, PLLC
1621 114th Avenue SE, Suite 228
Bellevue, WA  98004
(425) 576-8150 • FAX (206) 694-2587

| WITNESS:  TANYA BLACHOWICZ, LPN | | | |
|---|---|---|---|
| **PAGE/LINE** | **OBJECTION** | **RESPONSE** | **RULING** |
| 80:4-8 | Relevance Speculation | This testimony goes to the lack of thoroughness of the witnesses' evaluation of the Plaintiff's claim, with her taking only 3 hours to review a claim that when submitted was hundreds of pages of information. | OVERRULED |
| 83:18 – 84:1 | | No objection; no response required. | |
| 84:6-25 | Form Vague and ambiguous | Questioning goes to the witnesses' qualifications and attempt to speculate upon alleged pre-existing conditions when none are documented, duration of injuries, permanency of the Plaintiff's injuries, causation and other medical issues, including treatment needs (past and future) as an LPN as part of her evaluation, which she did, and her complete lack of knowledge regarding Washington law relating to such. Also goes to her credibility as she went outside the allowable parameters of practice for an LPN in evaluating the Plaintiff's claim, and the adjustor in turn relied on these improper opinions in reaching his evaluation of the claim. Relevant to her lack of qualifications and knowledge regarding the same; relevant to her credibility, as well. Plus, testimony of a party-deponent = admissions. Speculates there may have been prior chronic low back | OVERRULED |

**WITNESS:  TANYA BLACHOWICZ, LPN**

| PAGE/LINE | OBJECTION | RESPONSE | RULING |
|---|---|---|---|
| | | pain based on nothing in the medical records or file. | |
| 95:25 – 96:5 | Asked and Answered | The testimony relates to the witnesses' failure to review relevant medical records provided via the demand; is directly relevant to the basis/bias of the medical-based opinions expressed in her evaluation and thoroughness of her review. Her opinions also went far beyond her qualifications, expertise and scope of allowable practice as an LPN and are contrary to WA insurance law.  Also relevant to her credibility given that available medical evidence was ignored. | OVERRULED |
| 97:12 – 19 | Asked and Answered | Questioning goes to the witnesses' qualifications to comment upon pre-the propriety or need for trigger point injections when, as an LPN she is wholly unqualified to provide the same or order the same; relevant to her commentary on medical conditions and procedures which, as an LPN she is not qualified to comment upon, and thus the propriety of her evaluation of the claim.  Also relevant to her complete lack of knowledge regarding Washington law relating to LPN practice limitations. Relevant to her lack of qualifications and knowledge regarding the same; relevant to her credibility and bias, as | OVERRULED |

**WITNESS: TANYA BLACHOWICZ, LPN**

| PAGE/LINE | OBJECTION | RESPONSE | RULING |
|---|---|---|---|
| | | well. Plus, testimony of a party-deponent = admissions. | |
| 99:12-21 | | No objection; no response required. Goes directly to witness bias. | |
| 100:18 – 101:25 | Form | The testimony relates to the witnesses' failure to review relevant medical records provided via the demand; is directly relevant to the basis/bias of the medical-based opinions expressed in her evaluation and thoroughness of her review. Her opinions also went far beyond her qualifications, expertise and scope of allowable practice as an LPN and are contrary to WA insurance law. Also relevant to her credibility given that available medical evidence was ignored. | OVERRULED |
| 102:19 – 103:6 | Form | This testimony again goes to the witnesses' failure to review different (chiropractic and massage records) relevant medical information relating to the Plaintiff's claim (medical records provided with the demand) and is directly relevant to the validity of the medical-based opinions she expressed in her evaluation of the Plaintiff's claim, and then the adjustor's reliance on her evaluation and opinions which went far outside of her qualifications and scope of allowable practice, and were also contrary to WA law. Also goes to the lack of | OVERRULED |

**QUICK | LAW GROUP, PLLC**
1621 114th Avenue SE, Suite 228
Bellevue, WA  98004
(425) 576-8150 • FAX (206) 694-2587

| WITNESS:  TANYA BLACHOWICZ, LPN | | | |
|---|---|---|---|
| **PAGE/LINE** | **OBJECTION** | **RESPONSE** | **RULING** |
| | | thoroughness of her evaluation of the Plaintiff's claim. Relevant on her credibility and bias as well (rendering opinions without review of all medical information submitted). Plus, testimony of party-deponent = admissions that relevant medical information was not reviewed and thus ignored. | |
| 105:24 – 106:3 | Asked and Answered | This testimony goes to the lack of thoroughness of the witnesses' evaluation of the Plaintiff's claim, with her taking only 3 hours to review a claim that when submitted was hundreds of pages of information. Relevant to credibility and bias of the in-house witnesses' evaluation of the Plaintiff's UIM claim. | OVERRULED |
| 106:17 – 107:12 | Asked and Answered | Testimony relates to the witnesses' failure to review relevant medical-claim information from the Plaintiff's physiatrist, ignoring the permanence of her injuries, and is thus directly relevant to the validity and biased nature of the medical-based opinions she expressed in her claim evaluation. Furthermore, her opinions go far outside the scope of her qualifications, expertise and scope of allowable practice as an LPN, and are also contrary to WA law requiring a first-party insurer to have a review done by a "like" medical | OVERRULED |

**WITNESS: TANYA BLACHOWICZ, LPN**

| PAGE/LINE | OBJECTION | RESPONSE | RULING |
|---|---|---|---|
| | | practitioner. Also relevant to the lack of thoroughness of her evaluation and to her credibility and bias (rendering insurer favorable opinions without review of all available medical information or ignoring that which does not fit the insurer narrative). | |
| 107:23 – 108:3 | Form<br>Relevance<br>More Prejudicial than Probative | This testimony goes to the witnesses' failure to acknowledge the lack of documented pre-existing conditions and goes to her credibility and the bias of her evaluation. | SUSTAINED |
| 111:19 – 113:12 | Asked and Answered<br>Foundation<br>Speculation<br>Form | Not asked prior, and this discussion of WAC 248-30-395 flushes out The Standard's actions, via this witness, of violation of the WAC by having a non-like, in-house and biased medical provider review the Plaintiff's care and treatment rather than having the same reviewed by an independent and qualified medical provider during the claims evaluation process. Directly relevant to the bad faith and IFCA claims practices violation claims and relevant to the bias of the LPN examiner, as well. | OVERRULED |
| 113:13 – 114:17 | Form<br>Asked and Answered | Not asked prior, and this discussion of WAC 248-30-395 flushes out The Standard's actions, via this witness, of violation of the WAC by having a non-like, in-house and biased medical | OVERRULED |

QUICK | LAW GROUP, PLLC
1621 114th Avenue SE, Suite 228
Bellevue, WA  98004
(425) 576-8150 • FAX (206) 694-2587

| WITNESS: TANYA BLACHOWICZ, LPN | | | |
|---|---|---|---|
| **PAGE/LINE** | **OBJECTION** | **RESPONSE** | **RULING** |
|  |  | provider review the Plaintiff's care and treatment rather than having the same reviewed by an independent and qualified medical provider during the claims evaluation process. Directly relevant to the bad faith and IFCA claims practices violation claims and relevant to the bias of the LPN examiner, as well. |  |
| 115:14 – 116:19 | Misstates Prior Testimony | This testimony again goes to the witnesses' failure to review or mention in her evaluation of the claim relevant medical information relating to the Plaintiff's claim from the Plaintiff's primary treating doctor, ignoring the permanence of her injuries and attempting to provide opinions well outside the scope or qualification of an LPN. This testimony is thus directly relevant to the validity, foundation for and biased nature of the medical-based opinions she expressed in her evaluation of the Plaintiff's claim, and thereafter the adjustor's reliance on her evaluation and opinions. Furthermore, her opinions went far outside of her qualifications and scope of allowable practice as an LPN, and were also contrary to WA law requiring a first-party insurer to have a review done by a "like practitioner". Also goes to the lack of thoroughness of | OVERRULED |

QUICK | LAW GROUP, PLLC
1621 114th Avenue SE, Suite 228
Bellevue, WA  98004
(425) 576-8150 • FAX (206) 694-2587

**WITNESS:  TANYA BLACHOWICZ, LPN**

| PAGE/LINE | OBJECTION | RESPONSE | RULING |
|---|---|---|---|
| | | her evaluation of the Plaintiff's claim if this information was not reviewed.  Relevant on her credibility and bias as well (rendering opinions without review of all medical information submitted, or simply ignoring that which does not fit with what she wanted her findings to be).  Plus, testimony of party-deponent = admissions that relevant medical information was not reviewed and thus ignored. | |

IT IS SO ORDERED.

DATED this 22nd day of October, 2024.

*[signature]*

HON. JAMAL WHITEHEAD
UNITED STATES DISTRICT JUDGE

Presented by:

QUICK | LAW GROUP, PLLC

*s/ Bradford J. Fulton*
Bradford J. Fulton, WSBA #18036
Matthew D. Quick, WSBA #47455
Brad@QuickLawGroupPLLC.com
Matt@QuickLawGroupPLLC.com
*Attorneys for Plaintiffs*